**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4569**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

KILBY GRAYSON BARBEE, a/k/a Grayson Barbee, a/k/a Graton
Barbee, a/k/a Kilby C. Barbee,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:06-cr-00017-F-1)

Submitted:  March 10, 2011          Decided:  March 21, 2011

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, James E. Todd, Jr., Research
and Writing Attorney, Raleigh, North Carolina, for Appellant.
George E.B. Holding, United States Attorney, Jennifer P. May-
Parker, Felice McConnell Corpening, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kilby Grayson Barbee appeals from his twenty-four-month sentence imposed upon revocation of his supervised release. On appeal, he asserts that his sentence is procedurally and substantively unreasonable. We affirm.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In making this review, we "follow generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39.

A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider. See 18 U.S.C.

2

§ 3583(e) (2006); Crudup, 461 F.3d at 438-40. A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. We affirm if the sentence is not unreasonable. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable." Id. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id.

When imposing sentence, the district court must provide individualized reasoning:

> The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. . . . Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments.

United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The Carter rationale applies to revocation hearings; however, "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

3

Here, the district court considered Barbee's arguments for a sentence combining incarceration, home confinement, and drug treatment, and rejected them. The court explicitly considered the Guidelines range as well as many of the statutory factors that it was permitted to consider when arriving at a sentence. In this regard, the court mentioned Barbee's continued drug use even after drug treatment, the need to protect society from the consequences of Barbee's drug use, and the need for Barbee to receive further treatment. As such, the district court adequately discussed the reasons for the chosen sentence, and thus, Barbee's sentence was procedurally reasonable.

Turning to the substantive reasonableness of Barbee's sentence, the district court's decision that another period of non-incarcerated (or minimally incarcerated) drug treatment was not a sufficient sanction for Barbee's multiple violations of supervised release was not an abuse of discretion. In addition, the length of the sentence and the court's recommendation increased the likelihood that Barbee would receive the requested and recommended intensive drug treatment while in prison. See Crudup, 461 F.3d at 440 (upholding imposition of maximum sentence for revocation of supervised release based, in part, on need for substance abuse treatment and recommendation that Crudup receive intensive substance abuse treatment while

4

incarcerated).  Finally, Barbee failed to show in district court or on appeal that there was a permissible way of structuring his sentence that would ensure both a substantial sentence and continued intensive drug treatment.

Moreover, Barbee faces a very heavy burden in challenging his sentence.  Even if he could show that his sentence was unreasonable, he would still need to show that it was plainly unreasonable.  A sentence is "plainly unreasonable" if it "run[s] afoul of clearly settled law."  Thompson, 595 F.3d at 548.  Barbee has not cited clearly settled law that was violated by the district court's sentence, and the record does not reveal any such obvious errors.

Accordingly, we affirm Barbee's sentence.  We deny Barbee's motion to file a pro se reply brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED